HORATIO SEYMOUR AND OTHERS, EXECUTORS, ETC., APPELLANTS, v. ELIZABETH F. CAGGER, ADMINISTRATRIX, ETC., RESPONDENT.

*Services rendered by an attorney — effect on recovery for, of death of attorney during pendency of action — Negligence of attorney — burden of proof as to.*

The defendant's intestate and the plaintiffs' testator entered into an agreement whereby the former, an attorney, agreed to collect the rents due on certain manorial leases belonging to the latter, and to receive for such services the taxable costs of the actions to be brought; under which agreement some twenty or thirty actions were commenced. At the time of the death of defendant's intestate, plaintiffs had been defeated in one action because of a failure to notify the tenant of an assignment of the lease, two actions had been discontinued and the costs paid, and seven were pending; to the two actions discontinued and the seven actions still pending, the same defense of neglect to give notice of the assignment of the lease had been interposed. Upon an accounting, the referee found that the amount of the taxable costs in said nine actions was $901.81, but refused to allow that amount to the defendant. The court at Special Term held that as the notice was not properly a proceeding in the action, that the mere fact that the defendant's intestate commenced the actions· for the assignee of the lease, without ascertaining that the tenant had been notified of the assignment, was not sufficient to show that he was guilty of negligence or wanting in reasonable professional skill, and allowed to the defendant the $901.81.

*Held,* that the defendant should be allowed that amount.

Where a client refuses to pay an attorney's bill on the ground that he had been defeated and damaged by reason of the negligence and want of skill of the attorney, such negligence or want of skill must be established by him affirmatively.

A failure to succeed in a law suit is not *prima facie* evidence of negligence or want of proper skill.

APPEAL from an order of the Albany County Special Term, sustaining defendant's exceptions to the report of a referee.

This is a reference, under the statute (2 R. S., 88, 89, §§ 36, 37) of a claim made by the executors of John Magee, deceased, against the administratrix of Peter Cagger, deceased.

The facts are, that, in 1861, Mr. John Magee was the owner of certain leases known as Van Rensselaer manor leases; that Mr. Cagger agreed to act as the attorney of Mr. Magee, to collect the rents due on the leases, and to make the collections on the leases for the taxable costs; and that Mr. Magee was in no case to be personally liable for the costs of collection. Under this agreement, Mr. Cagger commenced twenty or thirty suits, on some of which collections were made, and some of which were settled, and some are still pending undetermined. Mr. Cagger was defeated in one of the cases, on the ground that the assignee had not notified the tenant of the assignment to him as required by 1 Revised Statutes (739 § 146). Mr. Cagger collected $2,218.09. The costs of the suits in which this sum was collected was $631.60, which was, by the referee, deducted from the amount of the collections, and judgment ordered for the balance, with interest, amounting to $2,523.30.

Mr. Cagger died July 6, 1868. At the time of his death two suits had been discontinued and costs paid, and there were pending, undetermined, seven suits on these leases. The taxable costs in these nine suits were $901.80. These suits were commenced without giving the tenants notice under the Revised Statutes. At the trial of this reference they were still pending. The referee refused to deduct the taxable costs in these nine cases from the amount collected, and the defendant excepted to such refusal. The plaintiffs moved for judgment on the report, and the defendant made a case and exceptions, and brought them to a hearing at Special Term at the hearing of the motion to confirm the report. The court allowed to the defendant the $901.80, and modified the report accordingly, and from that order the plaintiffs appeal.

*William Rumsey*, for the appellants. The exceptions are based upon the proposition that the death of Mr. Cagger, the attorney of Mr. Magee, rendered it impossible for him to perform the entire service he had contracted to do, by prosecuting the actions to final

determination, and, therefore, the defendant, as his personal representative, was entitled to be credited for what services had been rendered by Mr. Cagger up to the time of his death. The rule of law is that: 1. One who, under a contract requiring his personal services, performs services valuable to the employer, but before the full performance of the service is disabled by death from completing the contract, is entitled to recover as upon a *quantum meruit* for such services as he rendered. ( *Wolfe* v. *Howes*, 20 N. Y., 197, 203.) 2. The recovery in such a case cannot exceed the rate of the contract-price for the part of the service performed. (*Clark* v. *Gilbert*, 26 N. Y., 279, 283.) 3. It is also essential that the employer should have received actual benefit from the services of his agent; and where the services are worthless, no compensation can be recovered for part performance. ( *Wolfe* v. *Howes*, 20 N. Y., 197, 203 ; *Clarke* v. *Gilbert*, 32 Barb., 576 ; *Fahy* v. *North*, 19 id., 341.) The plaintiff insists that the services in the nine actions not finished at his death were worth absolutely nothing. If, to sustain the report of the referee, it is necessary to assume that he found the fact that these services were of no value, the court will do it, if there is evidence to sustain such a finding. ( *Walsh* v. *Powers*, 43 N. Y., 23, 27 ; *McKeon* v. *See*, 4 Robt., 449, affirmed 51 N. Y., 300.) The statute requiring the notice was one of long standing, and was peremptory in its requirements. Mr. Cagger should have known of it before he brought the actions. The notice not having been given, and the actions not being sustainable without it, there can be no possible benefit to Mr. Magee's estate from the bringing of them. (Add. on Con., 612 ; *Huntley* v. *Bulwer*, 6 Bing. [N. C.], 111 ; *Long* v. *Orsi*, 18 C. B., 610 ; Shear. & Redf. on Neg., § 221, and note.) When, from negligence, carelessness or inadvertence, the attorney's services are of no benefit to his client, he is not entitled to compensation. (Add. on Con., 455 ; 1 Pars. on Con., 116 ; *Hill* v. *Featherstonhaugh*, 7 Bing., 569 ; *Bracey* v. *Carter*, 12 Ad. & E. [N. S.], 373 ; *Huntley* v. *Bulwer, supra ; Hopping* v. *Quinn*, 12 Wend., 517; *Bowman* v. *Tallman*, 40 How. Pr., 1 ; *Parker* v. *Rolls*, 14 C. B., 691 ; *Goodman* v. *Walker*, 30 Ala., 482.)

*Samuel Hand*, for the respondent.

BOARDMAN, J. :

This is an appeal from an order at Special Term modifying the report of a referee, confirming the same as so modified, and ordering judgment thereon. The mode of practice pursued in this instance is not the subject of review, since stipulations at the Special Term and upon the argument at General Term, waive all such objections and seek a review only upon the merits.

Was the learned judge at Special Term correct in modifying the referee's report and allowing the defendant the taxable costs, $901.81, rejected by the referee? The services were in fact rendered. That is conceded. It is also conceded that the $901.81, constitute the taxable costs in the actions brought, but not concluded by Cagger. It is in effect conceded that Cagger's services in those actions were worth $901.81, if they were not in fact worthless. If the services were valuable to Magee, the defendant was entitled to have such value allowed her, notwithstanding the death of Cagger before complete performance. (*Wolfe* v. *Howes*, 20 N. Y., 197.) The amount to be allowed for such services would ordinarily be controlled by the terms of the contract. (*Clark* v. *Gilbert*, 26 N. Y., 279.) But cases may exist, where a failure to perform may result in such serious damage or loss as to prevent or reduce very greatly the recovery for services rendered. The plaintiff contends these services of Cagger were in fact worthless, and hence should not be allowed. The referee has not found either way upon this subject, but in his *addenda* to his report, says he has not taken into account the two actions settled without costs to either party, or the seven actions still pending. Now, I understand, from the stipulations of the parties, that the judge at Special Term took the place of the referee in deciding whether these costs ought to be allowed, and he has found, as appears by the order, that the $901.81 was the amount of costs and disbursement proved on the trial, and allowed the same to the defendant in the accounting. That is in effect finding that such services were valuable and of the value stated. The order and the opinion together, find that Cagger was guilty of no negligence or want of proper skill, which should prevent the recovery for these services. If that be correct the order of the Special Term should be confirmed. (*Bowman* v. *Tallman*, 40 How., 1.) The reasoning of the judge in his opinion is quite satisfactory. No

negligence or want of skill was proved. That should have been established affirmatively by the plantiff. There is nothing to show what would have been the result of the seven cases pending. It does not appear that the notice to be given the tenants should have been given by the attorney, or that it was any part of his duty in the preparation or conduct of the actions. But if it were conceded that the failure to serve the notice was a fatal defect, it does not then follow that the defendant should not be allowed those costs. Failure of success in a law suit is not *prima facie* evidence of negligence or want of proper skill. (*Bowman* v. *Tallman, ante.*)

I conclude, therefore, that the services were rendered by Cagger; that the value of such services was $901.81; that the defendant is entitled to have such value allowed, because it is not shown that Cagger was guilty of negligence or want of proper skill in the conduct of such actions, and that it does not appear that plaintiff or their testator has suffered any damage by reason of negligence or want of proper skill in Cagger.

The order of the Special Term is, therefore, affirmed, with ten dollars costs, and expenses of printing.

SAWYER, J., concurred. LEARNED, P. J., did not act.

Order affirmed, with ten dollars costs, and printing disbursements.